**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DESHA M. CARTER,

       Plaintiff - Appellant,

  v.

M. YARBOROUGH; et al.,

       Defendants - Appellees.

No. 10-55015

D.C. No. 2:05-cv-06502-PA-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Desha M. Carter, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo summary judgment on the basis of qualified immunity, *Galen v.*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment on the basis of qualified immunity on Carter's denial of outdoor exercise claim because Carter failed to raise a genuine dispute of material fact as to whether it would be clear to a reasonable officer that restricting Carter's outdoor exercise during the prison security lockdown violated his constitutional rights. *See Norwood v. Vance*, 591 F.3d 1062, 1068-70 (9th Cir. 2010) (prison officials entitled to qualified immunity on denial of outdoor exercise claim because a reasonable officer could have believed that restricting outdoor exercise during prison security lockdown was constitutional), *cert. denied*, 131 S. Ct. 1465 (2011).

The district court properly granted summary judgment on Carter's access-to-court claim because Carter failed to raise a genuine dispute of material fact as to whether the warden knew that the prison staff was not following the directive to provide legal materials to the prisoners with court deadlines. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983; plaintiff must show defendant's personal involvement in alleged violations).

Carter's remaining contentions are unpersuasive.

**AFFIRMED.**